**FILED**
**U.S. District Court**
**District of Kansas**
03/17/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MARSHALL DEWAYNE WILLIAMS,**

    **Plaintiff,**

    v.                    **CASE NO. 26-3036-JWL**

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff, Marshall DeWayne Williams, who is currently incarcerated at Leavenworth-FCI in Leavenworth, Kansas ("L-FCI"), brings this pro se mandamus action. The Court granted Plaintiff leave to proceed in forma pauperis.

This matter is before the Court on Plaintiff's motion (Doc. 3) seeking an emergency preliminary injunction. The motion was filed with the Complaint in this matter. Plaintiff seeks to prevent the defendants from disposing of four boxes of his "legal court material, transcripts, briefs, notes, photocopies, decisional case law copies, research material, for his underlying former and pending cases at law and equity, in the trash on April 11, 2026." (Doc. 3, at 1.) He alleges that his legal materials were confiscated by Defendant Allen on December 11, 2025, while he was at FCI-McKean in Pennsylvania. *Id.* at 3. Defendant Allen allegedly refused to provide Plaintiff with Bureau of Prisons ("BOP") procedural forms for confiscation and disposal of property and stated that she would throw all of his legal materials in the trash on April 11, 2026. *Id.* at 3, 4. Plaintiff also seeks an injunction ordering the defendants to allow him to engage in the BOP-approved administrative remedy process. *Id.*

Plaintiff asserts that an injunction is necessary to prevent irreparable injury, that it would not be adverse to the public interest, and that there is a substantial likelihood of success on the

merits. *Id.* at 1, 3. Plaintiff has unsuccessfully filed a similar motion in another pending matter in another federal court. In *Williams v. Bondi, et al.*, Case No. 1:25-cv-00126-SPB-RAL (W.D. Penn.), Plaintiff filed a motion alleging that a similar confiscation of four boxes of his legal and personal materials occurred on March 13, 2025, while he was housed at FCI-Bennettsville in South Carolina, and then another four boxes were confiscated on April 29, 2025, at FCI-McKean. He sought a preliminary injunction protecting his property. His motion was denied.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right

to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). The court must "consider the well-established law to the effect that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively . . .. Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances." *Escobar v. Reid,* 2008 WL 4877009, *3 (D. Colo. Nov.12, 2008) (citations omitted). Because preliminary injunctions are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted). Plaintiff has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion (Doc. 3) seeking a preliminary injunction is **denied.**

**IT IS SO ORDERED**.

**Dated March 17, 2026, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

3