**FILED**
**U.S. District Court**
**District of Kansas**
03/24/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MARSHALL DEWAYNE WILLIAMS,

     **Plaintiff,**

     **v.**                  **CASE NO. 26-3036-JWL**

UNITED STATES OF AMERICA, et al.,

     **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Notice of Interlocutory Appeal (Doc. 7) challenging the Court's Memorandum and Order of March 17, 2026 ("M&O," Doc. 6). The Tenth Circuit Court of Appeals has docketed the interlocutory appeal and assigned it Appeal Number 26-3046. (Doc. 9.)

The Tenth Circuit Court of Appeals generally has jurisdiction to hear appeals only from "final decisions" of district courts. *Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL 5427783, at *1 (D. Kan. Dec. 31, 2008) (citing 28 U.S.C. § 1291). "An order that . . . sets the stage for further trial court proceedings is not final." *Hayes Family Trust v. State Farm Fire & Casualty Company*, 845 F.3d 997, 1003 (10th Cir. 2017). Therefore, the M&O is an interlocutory order.

In light of the jurisdictional limitation of 28 U.S.C. § 1291, "interlocutory appeals are the exception and not the rule." *Larson-White,* 2008 WL 5427783, at *1 (citing *Myers v. Oklahoma Cty. Bd. of Comm'rs.*, 80 F.3d 421, 424 (10th Cir.), *cert. denied*, 519 U.S. 963 (1996) (citing *Johnson v. Jones*, 515 U.S. 304, 308 (1995)); *see also Carpenter v. Boeing Co.,* 456 F.3d 1183,

1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so."). The Court must evaluate an interlocutory appeal under 28 U.S.C. § 1292(b), which provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

The Court does not find that an immediate appeal from the Court's non-dispositive order of March 17, 2026, could materially advance the ultimate resolution of this matter. The Court's rulings do not involve a controlling question of law on which there is substantial ground for difference of opinion. The Court thus declines to order certification of this case for interlocutory appeal. In addition, the Court cautions Plaintiff that this matter is not automatically stayed by an interlocutory appeal.

**IT IS THEREFORE BY THE COURT ORDERED** that certification of Plaintiff's interlocutory appeal (Doc. 7) is **denied.**

**IT IS FURTHER ORDERED** that no stay will issue in this matter during the pendency of the appeal.

The Clerk is directed to transmit a copy of this order to the Tenth Circuit Court of Appeals.


**IT IS SO ORDERED.**


**DATED:  This 24th day of March, 2026, at Kansas City, Kansas.**


                    **S/   John W. Lungstrum**
                    **JOHN W. LUNGSTRUM**
                    **UNITED STATES DISTRICT JUDGE**