**FILED**
**U.S. District Court**
**District of Kansas**
07/24/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


**MARSHALL DEWAYNE WILLIAMS,**

    **Plaintiff,**

    **v.**                **CASE NO.  26-3036-JWL**

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**


## MEMORANDUM AND ORDER

Plaintiff brings this pro se action.  Plaintiff is currently incarcerated at FCI-Leavenworth in Leavenworth, Kansas ("FCIL").  Plaintiff's claims arose primarily during his incarceration at FCI-McKean in Lewis Run, Pennsylvania ("FCIM").  On March 31, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 11) ("MOSC") ordering Plaintiff to show good cause why this matter should not be dismissed.  This matter is before the Court on Plaintiff's response to the MOSC (Doc. 17) and motion to place case in abeyance pending exhaustion of tort remedies (Doc. 18).

In his Response, Plaintiff states that he seeks to significantly alter his Complaint.  First, he wants to withdraw his constitutional claims under the Fifth and Eighth Amendments.  Plaintiff intends to proceed only with a claim under the Federal Tort Claims Act ("FTCA").  In addition, Plaintiff includes three "Amended Claims" in his Response.  One of the claims appears to be completely new, and the other two claims include significant added factual allegations.

For the Court to complete the screening of Plaintiff's claims, he needs to file an amended complaint.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.

An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the Court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff has also filed a motion asking to stay his case while he exhausts his administrative remedies under the FTCA (Doc. 18).  The motion is denied.  The FTCA provides that "[a]n action shall not be instituted" upon an FTCA claim "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 n.1 (10th Cir. 1994) (citing 28 U.S.C. § 2675(a)).  This requirement is jurisdictional and cannot be waived.  *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted).  Plaintiff should also keep this in mind when deciding whether to file an amended complaint.  It appears that any claim he has under the FTCA would be premature at this time.

 **IT IS THEREFORE ORDERED** that Plaintiff is granted until **August 24, 2026**, to file a complete and proper amended complaint.  If Plaintiff chooses not to file an amended complaint by the deadline, the Court will proceed to screen the original complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion to place case in abeyance pending exhaustion of tort remedies (Doc. 18) is **denied**.

**IT IS SO ORDERED**.

**Dated July 24, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

2